JUDICIAL PANEL ON
MULTIDISTRICT
LITIGATION

AUG -7 1998

FILED
CLERK'S OFFICE

DOCKET NO. 1241

## BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

## IN RE FINE HOST CORPORATION SECURITIES LITIGATION

*BEFORE JOHN F. NANGLE, CHAIRMAN, WILLIAM B. ENRIGHT, CLARENCE A. BRIMMER, JOHN F. GRADY, BAREFOOT SANDERS, LOUIS C. BECHTLE AND JOHN F. KEENAN, JUDGES OF THE PANEL*

### TRANSFER ORDER

This litigation consists of the fourteen actions listed on the attached Schedule A and pending in two federal districts as follows: thirteen now consolidated actions in the District of Connecticut and one action in the Southern District of New York. Common defendant Fine Host Corporation (Fine Host) moves the Panel, pursuant to 28 U.S.C. §1407, for centralization in the District of Connecticut of all actions for coordinated or consolidated pretrial proceedings. The only responding parties, the plaintiffs in the New York action, oppose transfer.

On the basis of the papers filed,[1] the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve federal securities law claims predicated on allegations that Fine Host's public financial statements, disseminated and relied upon by investors during 1997, were false and misleading because the company had improperly capitalized certain expenses and made other accounting errors resulting in a misstatement of the company's net income. In addition, all named defendants in the New York action are also among the defendants in the consolidated Connecticut actions. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Plaintiffs in the New York action argue, *inter alia*, that transfer should be denied because theirs is not a class action, not all issues in the actions will be common, and voluntary coordination would be a superior alternative to transfer as a means of addressing any common issues that do

---

[1] The parties waived oral argument and, accordingly, the question of centralization of these actions was submitted on the briefs. Rule 17, R.P.J.P.M.L., 147 F.R.D. 589, 600-01 (1993).

- 2 -

exist. We are not persuaded by these contentions. We point out that where, as here, claims are based on common factual allegations, the fact that some may be brought on an individual basis while others are brought on behalf of a class has no bearing on the common merits discovery that will be required in both individual and class actions. And while voluntary coordination among involved courts and parties is laudable, we nevertheless conclude that transfer of the New York action is still necessary to allow all MDL-1241 actions to proceed before a single judge, who will then be in a position to formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F. Supp. 1403, 1404 (J.P.M.L. 1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

We are persuaded that the District of Connecticut is the appropriate transferee forum for this litigation. We note that: 1) Fine Host, the company whose alleged financial improprieties are at issue in this litigation, is headquartered in Connecticut, and thus many relevant witnesses and documents can be expected to be found there; and 2) the District of Connecticut, where all but one of the MDL-1241 actions have been brought, is also where the first filed and most advanced actions are pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the Southern District of New York be, and the same hereby is, transferred to the District of Connecticut and, with the consent of that court, assigned to the Honorable Janet C. Hall for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
John F. Nangle
Chairman

## SCHEDULE A

MDL-1241 -- In re Fine Host Corporation Securities Litigation

### District of Connecticut

*Bernard Indart v. Fine Host Corp., et al.*, C.A. No. 3:97-2619
*Doreen Stellke Levine v. Richard E. Kerley, et al.*, C.A. No. 3:97-2630
*Mark Zinn v. Fine Host Corp., et al.*, C.A. No. 3:97-2639
*Donna Good v. Fine Host Corp., et al.*, C.A. No. 3:97-2641
*Roland Burke v. Fine Host Corp., et al.*, C.A. No. 3:97-2650
*James Cosentino v. Fine Host Corp., et al.*, C.A. No. 3:97-2669
*Paul Zwynenburg v. Fine Host Corp., et al.*, C.A. No. 3:97-2712
*Rodman Insurance Agency v. Fine Host Corp., et al.*, C.A. No. 3:97-2727
*Edward Pirro v. Fine Host Corp., et al.*, C.A. No. 3:98-43
*Cosmo DeBiase, et al. v. Richard E. Kerley, et al.*, C.A. No. 3:98-53
*Terry Wright v. Fine Host Corp., et al.*, C.A. No. 3:98-56
*TAAM Associates, Inc. v. Fine Host Corp., et al.*, C.A. No. 3:98-92
*Robert Askew, et al. v. Fine Host Corp., et al.*, C.A. No. 3:98-130

### Southern District of New York

*The Mainstay Funds, et al. v. Fine Host Corp., et al.*, C.A. No. 1:98-682